JIMMY R. AND JIMMIE E. FORD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ford v. Commissioner
Docket No. 8983-86.
United States Tax Court
T.C. Memo 1987-44; 1987 Tax Ct. Memo LEXIS 44; 52 T.C.M. (CCH) 1471; T.C.M. (RIA) 87044; January 21, 1987. Jeffrey L. Burr, for the petitioners. Kenneth A. Burns, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax for the taxable years 1982 and 1983 as follows: Section 6653(a)(1)
Section 6653(a)(2)
Section 6661
Year
Deficiency
Addition to Tax
Addition to Tax
Addition to Tax
1982
$9,302.00
$465.10 *
$930.20 1983
8,960.00
448.00
*
896.00
The deficiencies arose from respondent's disallowance of deductions *46 claimed for losses from the Sassy Nine partnership. This case is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that petitioners did not file their petition within 90 days after the mailing of the notice of deficiency, as required by section 6213(a) [1] and section 7502. Petitioners, Jimmy R. and Jimmie E. Ford, were husband and wife residing at Las Vegas, Nevada when they filed their petition in this case. Respondent mailed his notice of deficiency to petitioners' last known address on December 12, 1985. Petitioners filed their petition with this Court on April 7, 1986, 116 days after the notice of deficiency was issued. On July 28, 1986 respondent filed his motion to dismiss for lack of jurisdiction. In their response filed September 10, 1986 petitioners contend that the notice of deficiency was invalid because the disallowed losses related to partnership items and, contrary to the requirements of section 6225(a), *47 respondent failed to comply with the partnership audit and litigation procedures of subchapter C of chapter 63 of Subtitle F of the Internal Revenue Code of 1954, as amended, section 6221 et seq. Section 6225(a) provides that respondent may not assess or collect a deficiency attributable to a partnership item until the close of the 150th day after partnership level proceedings are completed and a notice of final partnership administrative adjustment has been mailed to the tax matters partner. In his response dated October 3, 1986 respondent argues that Sassy Nine is not a partnership as defined by section 761(a) and section 7701(a)(2). In support of this allegation respondent states that he is not aware of any business activity, financial operation or venture carried on by Sassy Nine in 1982 or 1983, that the Internal Revenue Service has no record of a partnership tax return, Form 1065, being filed for Sassy Nine as required by section 6031(a), and that petitioners did not attach copies of information returns for partners to their 1982 and 1983 income tax returns as required by section 6031(b). In addition, respondent states that there appear to be no books or records for the *48 partnership for 1982 or 1983 because, in the course of the audit, Carl J. Jatho, the general partner of Sassy Nine and petitioners' tax return preparer, failed to produce copies of the partnership's books and records for 1982 and 1983 despite several requests to do so. On December 11, 1986 this Court ordered petitioners to respond to respondent's specific factual allegations on or before December 31, 1986. Petitioners did not comply with that Order. Consequently, we accept respondent's assertions as true and find that Sassy Nine was not a partnership as defined by section 761(a) and section 7701(a)(2) during the years in issue. [2] As a result, respondent was not required to conduct a partnership level audit before issuing the notice of deficiency and the notice of deficiency is valid. Petitioners offer no other excuse for the late filing of their petition. We, therefore, grant respondent's motion to dismiss for lack of jurisdiction. *49 An appropriate order will be issued.
Footnotes
*. 50% of the interest payable on the respective underpayments of $9,302.00 and $8,960.00 for each year. ↩
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Respondent also argues, in the alternative, that if Sassy Nine is a partnership, it is not a partnership to which the partnership level audit provisions apply. Because of our conclusion that Sassy Nine was not a partnership in 1982 and 1983, we do not consider this argument.↩